UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

In Re: Jerry V. Kurtz,                                                Bankruptcy No. 18-40959
                                                                      Chapter 7

                    Debtor.
_____/

Gary Takuski and Camille Takuski,

                    Plaintiffs,
vs.                                                                   Adversary No. 18-4023

Jerry V. Kurtz,

                    Defendant.
_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**I.    Background**

On February 28, 2019, Plaintiffs Gary and Camille Takuski filed a Motion for Summary Judgment. In their motion, they argue that they are entitled to summary judgment as a matter of law because Defendant/Debtor Jerry V. Kurtz did not answer Requests for Admission of Fact. They assert that failure to answer Requests for Admission of Fact means the matters included in the requests are deemed admitted under Rule 36(a)(3) of the Federal Rules of Civil Procedure made applicable by Rule 7036 of the Federal Rules of Bankruptcy Procedure. In their brief filed in support of the motion for summary judgment, the Takuskis also argue that the facts alleged in their Complaint supported by the Affidavit of Camille Takuski, the Affidavit of Gary Takuski, exhibits attached to their brief, and Debtor's admissions show that they are entitled to the relief they seek. Specifically, the Takuskis claim that the undisputed facts show that Debtor's debt to them should be excepted from discharge under 11 U.S.C. 523(a)(2).

On March 21, 2019, Debtor filed a timely[1] objection to the Motion for Summary Judgment, asserting that there is a genuine issue of fact in dispute. He also filed the Affidavit of Jerry V. Kurtz in opposition to the motion for summary judgment.

In addition, Debtor filed a Motion and Affidavit to Extend Request for Admissions Response Time, which the Court granted. See Docs. 28, 29. In his motion seeking additional time to respond to the Requests for Admission, Debtor represented that he hand-delivered responses to the Takuskis' counsel. Since the Court granted Debtor additional time to serve the responses and Debtor delivered responses, Debtor's initial failure to respond to the admissions no longer serves as a basis to grant summary judgment.

## II.     Facts

The Takuskis allege that they entered into a "verbal crop share lease agreement" with Debtor, providing that they were to receive 50% of the 2017 hay crop Debtor harvested from the Takuskis' land. Gary Takuski Aff. at ¶3. The Takuskis claim that, contrary to this agreement, Debtor harvested the 2017 hay crop and sold the entire first and second cutting to JR Wiedaman, but he did not remit 50% of the proceeds to the Takuskis. Gary Takuski Aff. at ¶4-5. The Takuskis also allege Debtor told Wiedaman that the Takuskis should not be included on the check for the hay proceeds because Debtor leased the land on which the crop was grown. Per Debtor's instructions, Wiedaman issued a check to Debtor only to pay for the first and second cuttings.

---

[1] Under Local Rule 7056-1(C)(3), a party opposing a motion for summary judgment must file a response no later than 21 days after service of the motion. The Takuskis served their motion on February 28, 2019. Debtor served his objection 21 days later. The objection is timely.

After the Takuskis discovered that Debtor sold the first and second 2017 hay cuttings, Gary Takuski discussed the situation with Debtor. Gary Takuski Aff. at ¶6. According to Gary Takuski, Debtor told him that Debtor would remit all the proceeds from the third cutting to the Takuskis. Id. The Takuskis maintain this representation was false because Debtor had already sold the third cutting of hay and had no intention of remitting the proceeds to them. Gary Takuski Aff. at ¶7.

The Takuskis also assert that Debtor "was required to pay" the Takuskis 50% of their 2017 electrical power bill and 50% of their hay stacking bill. Gary Takuski Aff. at ¶9; Camille Takuski Aff. at ¶9. They claim Debtor failed to pay these bills. Id.

The Takuskis argue that the evidence they offered shows "Debtors false representation or actual fraud towards Plaintiffs and the failure of Debtor to make his payment obligations." Doc. 25 at 5.

Debtor denies that he defrauded the Takuskis, asserting that the Takuskis mischaracterize their agreement. Kurtz Aff. at ¶¶3-4. Debtor testified that he rented the Takuskis' land. He explained that the Takuskis received money from the sale of oats and that the Takuskis owed Debtor money for "their share of the bailing and staking." Kurtz Aff. at ¶¶4-5. He also claims that Gary Takuski told Debtor to sell their share of hay at the same place Debtor sold his share of the hay.

### III. Analysis

**A. Summary Judgment Standards**

Summary judgment is appropriate when there is no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of identifying pleadings, discovery, testimony and other evidence which it believes demonstrate "the absence of a genuine issue of material fact." <u>Celotex Corp.</u>, 477 U.S. at 324.  When the moving party meets its burden, the nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Id.</u> (citing Fed. R. Civ. P. 56).  The Court views the record in the light most favorable to the nonmoving party and affords that party all reasonable inferences.  <u>Blocker v. Patch</u> (<u>In re Patch</u>), 526 F.3d 1176, 1180 (8th Cir. 2008) (citing <u>Liberty Lobby, Inc.</u>, 477 U.S. at 252; <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986)).

**B.  Section 523(a)(2)(A) Claim**

Section 523(a) of the Bankruptcy Code excepts certain debts from discharge in bankruptcy, including debts for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation or actual fraud. 11 U.S.C. § 523(a)(2)(A). To meet their burden of proving that Debtor is not entitled to a discharge of a debt owed to them under this section, the Takuskis must show that:

> (1) the debtor made a false representation; (2) at the time the representation was made, the debtor knew it was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained loss and damage as a proximate result of the misrepresentation.

<u>In re Glen</u>, 427 B.R. 488, 492 (B.A.P. 8th Cir. 2010) (citations omitted).  Courts construe exceptions to discharge narrowly to facilitate the debtor's fresh start.  <u>In re Smith</u>, 591

B.R. 741, 747 (Bankr. D. Minn. 2018) (citing Reshetar Systems, Inc., v. Thompson (In re Thompson), 686 F.3d 940, 944 (8th Cir. 2012)).

Viewing the evidence in the light most favorable to the nonmovant (Debtor), the agreement between the parties might be interpreted as a land lease rather than a crop share agreement as the Takuskis' allege. Depending on the terms of the parties' agreement, it is possible that Debtor had the right to deposit the proceeds from 2017 hay and pay the Takuskis from operating income. The parties did not reduce their agreement to writing, requiring the Court to consider the conflicting evidence and characterization offered by the parties. Because the nature of the agreement is material, the parties' conflicting testimony raises an issue of fact for trial.

In addition, Debtor offered testimony disputing the sum owed to the Takuskis. Debtor suggests that some payment in the form of oat proceeds was remitted to the Takuskis. He also testifies that the Takuskis owe him money for expenses, which he infers might be offset. Consequently, there is conflicting evidence regarding the debt Debtor owes to the Takuskis.

Accordingly, the Court finds that there is a genuine issue of material fact. The Takuskis' Motion for Summary Judgment is denied.

Dated: March 28, 2019.

*Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court